PREET BHARARA
United States Attorney for
the Southern District of New York
By: KAN M. NAWADAY
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2311

RECEIVED
DEC 13 2010
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA           :     VERIFIED COMPLAINT
:
        -v.-                       :     10 Civ.
:
ONE JULIAN FALAT PAINTING ENTITLED :
"OFF TO THE HUNT," and             :
:
ONE JULIAN FALAT PAINTING ENTITLED :
"THE HUNT,"                        :
:
            Defendants-in-rem.
- - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I.  JURISDICTION AND VENUE

1. This action is brought by the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) seeking the forfeiture of the following property:

    (a)  One Julian Falat Painting entitled "Off to the Hunt" and

    (b)  One Julian Falat Painting entitled "The Hunt"

(the "Defendant Paintings").

2. This Court has jurisdiction pursuant to Title 28, United States Code, Sections 1345 and 1355.

3. Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because the Defendant Paintings were found within the Southern District of New York.

4. The "Off to the Hunt" painting is presently in the custody of Christie's auction house, located at 20 Rockefeller Plaza, New York, New York.

5. The "The Hunt" painting is presently in the custody of Doyle New York auction house, located at 175 East 87 Street, New York 10128.

## II.  PROBABLE CAUSE FOR FORFEITURE

### Julian Falat Painting Entitled "Off to the Hunt"

6. In November 1901, the Julian Falat "Off to the Hunt" painting was first publically displayed at the Society for the Encouragement of Fine Arts in Warsaw, Poland (the "Society").

7. Subsequently, in 1902, "Off to the Hunt" was sold to a private individual, Michal Tyszkiewicz.

8. In 1904 "Off to the Hunt" was returned to the Society as a gift and recorded and registered in their 1904 executive committee report.

9. When registered with the Society in 1904, "Off to the Hunt" was registered under the name of "At the Hunt" and

assigned inventory number 345.  This inventory number and an ink inscription were placed on the back of the painting's frame.

10.  From the time of its original registration with the Society in 1904, "Off to the Hunt" has been listed in all subsequent catalogs of the Society.

11.  In the 1925 catalog of the Society, "Off to the Hunt" was once again listed under a modified title, this time under the title of "Before Going Hunting in Rytwiany."  The painting was listed under this modified title in every subsequent catalog listing of the painting since 1925.

12.  In December of 1939, "Off to the Hunt" was transferred from the Society to the premises of the National Museum in Warsaw, Poland (the "Museum")[1].  This was the last known documented location of the "Off to the Hunt" painting.

13.  During the Second World War, "Off to the Hunt" was removed, without its frame, from the Museum.  The original frame as well as some photographic documentation of the painting survived the Second World War and remains at the Museum to this day.

14.  Since World War II, the Polish Government has taken steps to register wartime losses incurred during the Nazi occupation of Poland during World War II.  In 1951, the Polish

---

[1] During the Second World War, the premises of the National Museum were used by the Nazis as a Germany depository of Polish national treasures.

Government published a catalogue of wartime losses entitled "Catalogue of Paintings Removed from Poland During Nazi Occupation 1939-1945." "Off to the Hunt" was included in that 1951 catalogue but was listed under the modified title of "Making Ready for the Hunt in Rytwiany."

15. Since 1989, the Polish Government has continued to publish and post on the internet a series of catalogues of wartime losses. "Off to the Hunt" has also been included in those catalogues.

16. In 2006, the Government of Poland became aware that "Off to the Hunt" was being offered for sale by Christie's auction house in New York, New York ("Christie's") and consequently sent letters and documentation to Christie's detailing the painting's history and requesting its return to the National Museum in Warsaw, Poland. As a result, Christie's removed the painting from sale, notified the Polish Government that Marie Zayac was the consignor of the painting and forwarded the information received from the Government of Poland to Marie Zayac and/or her agents or representatives.

17. United States Homeland Security Investigations ("HSI") agents spoke with Marie Zayac, the painting's consignor, and advised her that the "Off to the Hunt" painting had been stolen from the National Museum of Poland, as outlined above. HSI agents were advised by Marie Zayac that she had no record of

purchase for the painting nor did she have any record of importation of the painting.

18. HSI agents have conducted a search of all available importation records and have not been able to find any records documenting that the painting was lawfully imported into the United States, which is consistent with a painting that has been illegally smuggled into the country.

19. "Off to the Hunt" was appraised at approximately $50,000.

20. To date, the painting still remains in the custody of Christie's auction house.

<u>Julian Falat Painting Entitled "The Hunt"</u>

21. On June 6, 1914, the Julian Falat painting entitled "The Hunt" was bequeathed, by its first owner, Ludwik Norblin, to the Society for the Encouragement of Fine Arts in Warsaw, Poland.

22. Since 1916, "The Hunt" has appeared in all catalogues of the Society for the Encouragement of Fine Arts.

23. Subsequent to the Nazi invasion of Poland, in 1939, "The Hunt," along with other items in The Society's collection, was transferred to the Polish National Museum in Warsaw, Poland, which had become a Germany depository of Polish national treasures.

24. In or about August 1944, the German S.S. Obersturmbannfuhrer Benne von Arent took over the Polish National Museum and confiscated the most valuable items in the Museum's possession, including "The Hunt".

25. Prior to being stolen by the German S.S., "The Hunt" was photographed and catalogued. The photographs, as well as the catalogue card remains to this day at the National Museum in Warsaw, Poland, which had inherited the collection of the Society for the Encouragement of Fine Arts.

26. Since World War II, the Polish Government has taken steps to register wartime losses incurred during the Nazi occupation of Poland during World War II. In 1951, the Polish Government published a catalogue of wartime losses entitled "Catalogue of Paintings Removed from Poland During Nazi Occupation 1939-1945." "The Hunt" was included in that 1951 catalogue.

27. The Polish Government has continued to publish and post wartime losses in a series of catalogues as well as the internet. "The Hunt" has been included in those catalogues.

28. In 2006, the Government of Poland became aware that "The Hunt" was being offered for sale by Doyle New York Auctioneers and Appraisers, in New York, New York ("Doyle") and consequently sent letters and documentation to Doyle detailing the painting's history and requesting its return to the National

Museum in Warsaw, Poland. As a result, Doyle removed the painting from sale, notified the Polish Government that the consignor of "The Hunt" was represented by counsel. The Polish Government contacted that counsel and learned that the consignor of "The Hunt" was Nadia Yeykovych Draznowsky. The Polish Government forwarded supporting documentation relating to "The Hunt" to Draznowsky's counsel.

29. HSI agents spoke with employees of Doyle New York Auctioneers and Appraisers who informed them that the consignor, Nadia Yeykovych Draznowsky, had brought the painting in for appraisal unframed and wrapped in an old sheet. Additionally, Doyle New York Auctioneers and Appraisers employees advised HSI agents that Nadia Yeykovych Draznowsky had provided conflicting stories about how she came in possession of the painting.

30. HSI agents spoke with Nadia Yeykovych Draznowsky and/or her agents and representatives and advised them that the "The Hunt" painting had been stolen from the National Museum of Poland, as outlined above.

31. HSI agents have conducted a search of all available importation records and have not been able to find any records documenting that the painting was lawfully imported into the United States, which is consistent with a painting that has been illegally smuggled into the country.

32. To date, the painting still remains in the custody of Doyle's auction house.

33. The value of "The Hunt" was appraised at approximately $50,000.

### III.  CLAIMS FOR FORFEITURE

34. Incorporated herein are the allegations contained in paragraphs 1 through 33 of this Complaint.

### FIRST CLAIM FOR FORFEITURE

35. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)" is subject to forfeiture to the United States.

36. "Specified unlawful activity," is defined in 18 U.S.C. § 1956(c)(7)(A) as "any act or activity constituting an offense listed in section 1961(1) of this title." 18 U.S.C. §1956(c)(7)(A).

37. 18 U.S.C § 1961(1) lists, among other offenses, violations of 18 U.S.C. §§ 2314 (relating to interstate transportation of stolen property) and 2315 (relating to sale or receipt of stolen goods).

38. Section 2314 of Title 18 of the United States Code, states in pertinent part

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud . . . shall be fined under this title or imprisoned not more than ten years, or both.

39. Section 2314 of Title 18 of the United States Code, states in pertinent part

> Whoever receives, possesses, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise . . . which have crossed a State or United States boundary after being stolen, unlawfully converted, or taken, knowing the same to have been stolen, unlawfully converted, or taken . . .[s]hall be fined under this title or imprisoned not more than ten years, or both

40. The Defendant Paintings are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) because there is probable cause to believe that they constitute proceeds of a violation of 18 U.S.C. §§ 2314 and 2315.

41. By reason of the above, the Defendant Paintings became, and are, subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

### SECOND CLAIM FOR FORFEITURE

41. Pursuant to Title 19, United States Code, Section 1497(a)(1) "[a]ny article which is not included in the declaration and entry as made or transmitted; and is not

9

mentioned before examination of the baggage begins . . . shall be subject to forfeiture" to the United States.

42. The Defendant Paintings are subject to forfeiture pursuant to Title 19, United States Code, Section 1497(a)(1) because there is probable cause to believe that they were not declared on customs declaration forms when brought into the United States, in violation of 19 U.S.C. § 1497(a)(1).

43. By reason of the above, the Defendant Paintings became, and are, subject to forfeiture to the United States of America, pursuant to Title 19, United States Code, Section 1497(a)(1).

## THIRD CLAIM FOR FORFEITURE

44. Pursuant to Title 19, United States Code, Section 1595a(c)(1)(A) "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law shall be . . . seized and forfeited [to the United States] if it is stolen, smuggled, or clandestinely imported or introduced."

45. The Defendant Paintings are subject to forfeiture pursuant to Title 19, United States Code, Section 1595a(c)(1)(A) because there is probable cause to believe that they were stolen and illegally brought into the United States in violation of United States law, namely 18 U.S.C. §§ 545 (relating to goods smuggled into the United States) and 2314 (relating to interstate transportation of stolen property).

46. By reason of the above, the Defendant Paintings became, and are, subject to forfeiture to the United States of America, pursuant to Title 19, United States Code, Section 1595a(c)(1)(A).

### FOURTH CLAIM FOR FORFEITURE

47. Title 18, United States Code, Section 545 states, in pertinent part

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law - -
>
> Shall be fined under this title or imprisoned not more than 20 years, or both

48. Pursuant to 18 U.S.C. § 545, "[m]erchandise introduced into the United States in violation of this section . . . to be recovered from any person . . . [described above in paragraph 46] shall be forfeited to the United States."

49. The Defendant Paintings are subject to forfeiture pursuant to Title 18, United States Code, Section 545 because there is probable cause to believe that they were brought into the United States contrary to law, the possessors of the Defendant Paintings are aware of they were stolen and are attempting to offer the Defendant Paintings for sale, all in violation of 18 U.S.C. § 545.

50. By reason of the above, the Defendant Paintings became, and are, subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 545.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Paintings and that all persons having an interest in the Defendant Paintings be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Paintings to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       December 13, 2010

PREET BHARARA
United States Attorney for
the Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
KAN M. NAWADAY
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2311

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             :
SOUTHERN DISTRICT OF NEW YORK  )

Bonnie Goldblatt, being duly sworn, deposes and says that she is a Special Agent with Homeland Security Investigations, Department of Homeland Security, and as such has responsibility for the within action; that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her own knowledge, information and belief.

The sources of deponent's information and the ground of her belief are conversations with other law enforcement officers and others, official records and files of Homeland Security Investigations, Department of Homeland Security, and the United States Government, and information obtained directly by deponent during an investigation of alleged violations of Title 18, United

States Code, Sections 545, 2314, and 2315, and Title 19, United States Code, Sections 1497 and 1595a.

_____
BONNIE GOLDBLATT
Special Agent
Homeland Security Investigations
Department of Homeland Security

Sworn to before me this
13th day of December, 2010

_____
NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2014

2